# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C05-0010 |
| vs. | **ORDER** |
| ONE 1995 CHEVROLET SUBURBAN, VIN #1GNFK16K1SJ1340961, IOWA LICENSE PLACE # 686 NOS, | |
| Defendant | |

_____

This matter comes before the court pursuant to trial on the merits conducted September 1, 2006. The government was represented by Martin McLaughlin. Claimant Keywana Gaston represented herself. The parties consented to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court finds in favor of the United States and forfeits the vehicle at issue to the United States.

## **FINDINGS OF FACT**

On August 3, 2004, Drug Enforcement Administration task force officers seized a 1995 Chevrolet Suburban while it was parked at Darrah's Towing in Hiawatha, Iowa. The government contends that the vehicle was purchased by Ernest Gaston with proceeds of drug trafficking activity.

On June 18, 2004, Keywana Gaston either fell out of, or was pushed out of, her third floor apartment window. She received substantial injuries as a result of the fall. These events triggered the inquiry that resulted in the search warrant for the Gaston apartment. Law enforcement officers seized crack cocaine, powder cocaine, marijuana, drug paraphernalia, and drug packaging materials from the apartment of Ernest and

1

Keywana Gaston at 292 North Point Drive NE, Apt. 320, in Cedar Rapids. Ernest Gaston was charged in the Iowa District Court in and for Linn County with possession with intent to deliver cocaine and marijuana.

Ernest Gaston was unemployed at all times material to this case. His sole source of legitimate income at the time of the seizure was a disability check in the amount of $564 per month. Ernest Gaston had not been legitimately employed since 1996. On September 27, 2004, Ernest Gaston was sentenced in state court for his possession of controlled substances earlier that summer.

The 1995 Suburban at issue in this case was purchased on March 13, 2004, from Dunlap Motors in Independence, Iowa. The vehicle was purchased for $6200 plus tax, title, and license charges of $366. Six thousand dollars of this was paid in cash. Keywana Gaston wrote a check for $576 (Government's Exhibit 19). Title to the vehicle was placed in Keywana Gaston's name (Defendant's Exhibit M).

Keywana and Ernest Gaston were married in November 2003. They separated approximately one month later. Despite the fact that they were separated, they still lived together, at least some of the time.

On June 21, 2004, Keywana Gaston was at the University of Iowa Hospitals and Clinics awaiting back surgery due to her fall on June 18, 2004. At that time, she told police officers that the 1995 Suburban belonged to Ernest Gaston and that she would claim no interest in it. She said that Ernest Gaston paid for the truck with cash but that she did not know where he got that much money. She said that she wrote a check for $576 to pay for tax, title, and license but that Ernest gave her the money to cover the check. She said that the truck was only placed in her name because Ernest Gaston was barred from driving and could not register a vehicle in his own name.

Keywana Gaston was interviewed again in early July 2004. At that time she informed the police that Ernest Gaston had paid cash for nearly $4000 in electronics and a paint job for the truck. A week later Keywana Gaston told the police about other

2

expensive items purchased for the truck by Ernest Gaston that were paid for with cash. At trial, the government offered numerous exhibits showing that equipment and services for the truck were purchased in the name of Ernest Gaston.

Keywana Gaston claimed that she paid for the truck with cash given to her by her mother. Indeed, it appears that Keywana Gaston received $5000 from her mother in November 2002 and it was deposited into her checking account. However, by December 2002 there was only $900 remaining in the account in which the money was deposited (Government's Exhibit 20). Keywana Gaston testified that she took out $2500 on November 25, 2002, to save it for a car. Between November 25, 2002, and December 12, 2002, Keywana Gaston incurred $230 worth of overdraft charges in the account from which the money was removed. She recognized that she could have paid for the car with a check. She stated that she took $2500 out to save it for a car "because I knew if I put it in the account, that I wouldn't keep better track of it."

When she testified, Keywana Gaston said she paid $5000 for the truck. In her deposition, she described the truck as having front-wheel drive. The truck actually cost $6200 and it has four-wheel drive. When asked if she was confused by the question concerning whether the car was front-wheel drive or four-wheel drive, Keywana Gaston testified at the trial, "No, it didn't confuse me, I just failed to provide the proper answer."

## **CONCLUSIONS OF LAW**

This action is brought pursuant to 21 U.S.C. § 881(a)(6) for the forfeiture of property that represents proceeds of trafficking and controlled substances. The court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The court has in rem jurisdiction pursuant to the seizure of the vehicle. Section 881(a)(6) has been referred to as a "weapon in the war on drugs." United States v. $84,615 in U.S. Currency, 379 F.3d 496 (8th Cir. 2004). In a forfeiture action pursuant to § 881, the United States bears the initial burden of establishing by a preponderance of the evidence that the property is

3

substantially connected to drug trafficking.  Id.  Circumstantial evidence can be used by the United States to establish its burden of proof.  Id.

Pursuant to 18 U.S.C. § 983(d), an innocent owner's interest in property shall not be forfeited under any civil forfeiture statute.  The claimant has the burden of proving that she is an innocent owner by a preponderance of the evidence.  With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an individual who did not know of the conduct giving rise to forfeiture or upon learning of the conduct giving rise to the forfeiture, did all that reasonably could be expected under the circumstances to terminate such use of the property.  18 U.S.C. § 983(d)(1) and (2)(A).  In order to have standing to contest a forfeiture, a claimant must prove that he or she has an ownership interest in the defendant property.  United States v. One 1990 Chevrolet Corvette, 37 F.3d 421 (8th Cir. 1994).  An ownership interest may be proved in a number of ways including showings of actual possession, control, title, and financial stake.  However, bear legal title by one who does not exercise dominion and control over the property is insufficient to establish ownership.  Id.

The court finds that the truck at issue belonged to Ernest Gaston.  The evidence set forth above is circumstantial evidence that it was derived from the proceeds of drug trafficking activity.  Ernest Gaston was unemployed since 1996 and was living on a modest disability check.  Keywana Gaston did not know of a legitimate source of income for Ernest Gaston beyond his disability check.  He was convicted of a drug offense occurring just a couple of months after he purchased the truck.  The substantial amount of cash used by him to purchase the truck and to pay for alterations and repairs is sufficient to demonstrate that the truck is the proceeds of drug trafficking activity.

Keywana Gaston is not an innocent owner as that term is used in civil drug forfeiture laws.  Given the large amount of drugs and drug paraphernalia found in her apartment in June 2004, she had to have known that Ernest Gaston was selling drugs.

Although she claimed she did not know where he got his money, at best she has shown that she deliberately blinded herself to the obvious.

Keywana Gaston admitted to the police shortly after the events of June 18, 2004, that Ernest Gaston had purchased the truck and had put it in her name simply because he could not legally register a vehicle in his own name. He drove the truck, improved the truck, and serviced the truck. At trial, Keywana Gaston was unable to correctly identify the purchase price of the truck. At her deposition she did was not able to distinguish whether the truck was four-wheel drive or front-wheel drive. Her claim about paying for the truck with money given to her by her mother does not make sense. She has not shown by a preponderance of the evidence that she is an innocent owner.

Upon the foregoing,

IT IS ORDERED

That the 1995 Chevrolet Suburban VIN 1GNFK16K1SJ340961 Iowa License Number 686 NOS is hereby forfeited to the United States. Each party shall bear its own costs.

October 11, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT